UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EXECUTIVE LAW GROUP PL,**
A Florida Company,
**Plaintiff,**

v.    Case No. 8:13-cv-01878-JDW-EAJ

**EXECUTIVE LAW GROUP, INC.**
A California Corporation,
**Defendant.**

## MOTION TO EXTEND TIME FOR SERVICE OF PROCESS

COMES NOW Plaintiff Executive Law Group, PL, *d/b/a* "ELG", a Florida limited liability company, and pursuant to Fed. R. Civ. P. 4(m), moves for an additional sixty (60) days to obtain service of process against Defendant, as the initial 120 day service deadline is about to elapse, and the Waiver sent to Defendant has not yet been returned. The Court should grant this reasonable request for additional time for good cause.

## PROCEDURAL POSTURE

Plaintiff brought suit this summer after receiving a cease and desist letter from Defendant's counsel in relation to the purported trademark "Executive Law Group" which is the name of both Plaintiff and Defendant law firms. In an effort to secure home field advantage in the eventual litigation, Plaintiff filed, but did not serve, this declaratory judgment action, in an effort to facilitate meaningful discussion of the merits of the issues in this case. Plaintiff and Defendant subsequently exchanged feisty correspondence and found that they do not presently have common ground to settle this controversy.

Plaintiff is also aware of a very similar action presently before this Court involving trademark questions between two similarly named law firms.  *See Vanguard Group v. Florida Vanguard Attorneys*, USDC MDFL Case No. 8:13-cv-01274-MSS-TGW.  Defendant's motion to dismiss or for more definite statement is presently briefed and pending before Judge Scriven, however, no decision has been issued in that case.

## APPLICABLE LEGAL STANDARD

The Court has broad discretion to extend the time for service of a complaint for good cause under Rule 4(m), or without good cause under the law of the Eleventh Circuit.  "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

## ARGUMENT

Good cause exists to extend time for an additional period of time.  Plaintiff has extended the courtesy it owes under Rule 4(d), but Defendant has not yet acted upon it.  The deadline for service within 120 days will elapse shortly.  However, Plaintiff has no indication that Defendant will accept and return the Waiver form.  Therefore, an extension of time to complete service of process is reasonable, and appropriate under the circumstances.  Additionally, Defendant may file the Waiver, but Plaintiff is without knowledge of their intention to do so.

Defendant is fully aware of the lawsuit and no prejudice will inure to any party by virtue of the extension of time to serve the lawsuit, if Defendant does not elect to file the Waiver.  Plaintiff requests sixty (60) days to accomplish service either by means of the Waiver or by personal service on Defendant's registered agent if necessary.  Likewise,

dismissal for failure to effect service would merely be a waste of resources and additional time, when the parties intend to litigate and proceed forthwith upon service.

## **CONCLUSION**

The Court should grant an additional sixty (60) days to effect service.

DATED: November 21, 2013.

/s/ Bradford A. Patrick, Esq.

Bradford A. Patrick, Esq.
Florida Bar No.: 529850
Executive Law Group PL
3001 N. Rocky Point Dr. E, Suite 200
Tampa, FL 33607
Telephone: (813) 367-3505
Facsimile: (813) 333-7321
E-mail: brad@execlawgroup.com